IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CLEODIOUS SCHOFFNER, JR.**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. **06-626-DRH** |
| | ) | |
| **DON HULICK,** | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT and RECOMMENDATION**

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Petitioner Cleodious Schoffner, Jr., is an inmate in the custody of the Illinois Department of Corrections. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Now before the Court is respondent's motion to dismiss the petition as time-barred. **(Doc. 10).** Also before the Court is petitioner's response and a subsequent minor correction. **(Docs. 14 and 15)**.

**Procedural History**

On March 3, 1998, after being convicted by a jury, petitioner Cleodious Schoffner, Jr., was sentenced to natural-life imprisonment for two murders that occurred during the armed robbery of a convenience store committed by petitioner and his cousin, Glen Schoffner. Petitioner was also convicted of armed robbery, aggravated battery with a firearm and aggravated kidnapping, for which he received 10 year sentences, to run consecutive to the life

1

sentence. **(Doc. 10-7, pp. 1-2[1]).** Petitioner's direct appeal was denied December 6, 1999, and petitioner did not seek leave to appeal to the Illinois Supreme Court. **(Doc. 10-7; Doc. 1, p. 5).**

On July 22, 1999, during the pendency of his direct appeal, petitioner Schoffner filed a post-conviction petition pursuant to 725 ILCS 5/122-1, which was subsequently amended **(Doc. 1, p. 6; Doc. 10-7).** On July 17, 2001, the circuit court dismissed the petition, finding that "most, if not all of the issues raised" were "*res judicata* and/or waived," and the other issues were not meritorious. **(Doc. 10-10 (quoting p. 10)).** That dismissal was affirmed on appeal by order dated April 24, 2003. **(Doc. 10-18).** On October 7, 2003, the Illinois Supreme Court denied Schoffner's petition for leave to appeal. **(Doc. 10-20).**

Schoffner, proceeding *pro se*, filed a second state collateral attack on June 30, 2004 – a petition for relief from judgment pursuant to 735 ILCS 5/2-1401. **(Doc. 14-2, p. 5; Doc. 10-26, p. 2; Doc. 10-30, p. 18).** Another (apparently identical) petition was filed on October 27, 2004. **(Doc. 10-21; Doc. 10-30, p. 18).** On March 1, 2005, the circuit court denied the collateral attack(s) and entered judgment, concluding that no new judicable issues were presented and the petition was untimely.[2] **(Doc. 10-22; Doc. 10-30, pp. 18-19).** By order dated January 26, 2006, the appellate court affirmed the circuit court, finding that the (apparently unitary) petition was filed out of time, and that petitioner's arguments had no merit. **(Doc. 10-26, p. 5).** On May 24, 2006, the Illinois Supreme Court denied Schoffner's petition for leave to appeal. **(Doc. 10-28).**

---

[1] All page-specific citations to documents in the record of this action are based on the page numbering in the CM-ECF system, which does not necessarily correspond to the page numbers on the document itself.

[2] Respondent considers the second collateral attack to have been commenced on October 27, 2004. The State's brief on appeal and the appellate court decision reflect that the second collateral attack was commenced June 30, 2004. **(Doc. 10-24, p. 8; Doc. 10-26, p. 4).**

On October 26, 2005– before the appeal of the denial of his second collateral attack had been decided– Schoffner filed yet another petition for relief from judgment pursuant to 735 ILCS 5/2-1401, which this Court deems to be his third state collateral attack.  **(Doc. 10-29; Doc. Doc. 10-30, p. 19).**  There is no indication that that collateral attack has been concluded.  **(Doc. 14, p. 11; Doc. 10, pp. 6-7; Doc. 10-30).**

On September 20, 2004– while the second state collateral attack was pending in the circuit court– Schoffner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254: *Schoffner v. Hinsley*, 04-673-MJR (S.D.Ill. Sept. 20, 2004).  That petition was dismissed without prejudice upon threshold review, based on a failure to exhaust administrative remedies.

Schoffner filed the subject petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 14, 2006.  **(Doc. 1).**

### Time Limit for Filing of Section 2254 Petition

The time limit for filing a petition under Section 2254 is set forth in 28 U.S.C. §2244(d) as follows:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>   **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending shall be excluded from the period of limitations.

## Analysis

Petitioner Schoffner does not allege a state impediment to filing, a newly recognized and retroactive constitutional right, or the subsequent discovery of the factual predicate of a claim, which would implicate Sections 2244(d)(1)(B)-(D). Therefore, Section 2244(d)(1)(A) prescribes the "start" date of the one-year limitations period.

Schoffner's direct appeal was denied on December 6, 1999. In accordance with Illinois Supreme Court Rule 315(b) (ILCS 1997), petitioner's conviction became final on December 27, 1999– 21 days after the appellate court decision, the deadline for filing a petition for leave to appeal with the Illinois Supreme Court. *See Anderson v. Litscher*, **281 F.3d 672, 674-675 (7th Cir. 2002).** Therefore, the "start" date for calculating the one year limitations period is December 27, 1999.

Pursuant to §2244(d)(2), the period during which a "properly filed" post conviction or collateral proceeding was pending must be excluded. Schoffner filed three state post conviction proceedings.

The first post conviction petition, filed while Schoffner's direct appeal was still pending, and respondent does not dispute that it tolled the limitations period until October 7, 2003, when the Illinois Supreme Court denied the petition for leave to appeal. Consequently, the previously mentioned December 27, 1999, "start" date was tolled until October 7, 2003.

Between October 7, 2003, and June 30, 2004, when the second post conviction petition was filed, 267 days passed and must be credited toward the one-year limitations period.

The second collateral attack cannot toll the limitations period. Section 2244(d)(2) excludes only the time during which a "properly filed" application for collateral review is pending. Whether a state court petition was properly filed depends on how the state treated it; if the state court dismissed it as untimely, it was not "properly filed." *Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414.

The June 30, 2004, petition was not "properly filed" because it was untimely under Illinois procedures, and the issues were found to have no merit. More specifically, the appellate court noted that 735 ILCS 5/2-1401 requires that any petition must be filed within two years after entry of the challenged judgment and Schuffner's second petition was filed more than six years after his conviction. **(Doc. 10-26, pp. 4-5).** Although the court referred in passing to the merits of the petition, the dismissal was on independent and adequate state procedural grounds. *Brooks v. Walls*, 279 F.3d 518, 523-524 (7th Cir. 2002). Therefore, an additional 483 days must be added to the aforementioned 267 days already credited against the one-year limitations period– from June 30, 2004, when the second post conviction petition was filed and when the third post conviction petition was filed on October 26, 2005. Regardless of whether the third collateral attack was properly filed, far more than one year– 365 days– passed by that juncture, running out the one-year limitations period long before the subject petition for writ of habeas corpus was filed on August 14, 2006.

5

Lastly, the Court notes that, although the Court of Appeals for the Seventh Circuit has held that it is possible for a claim of actual innocence to serve to toll the one year limitation period, the requirements are stringent.  Neither the Supreme Court nor the Seventh Circuit have ever found that a petitioner met the requirements.  ***Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004).**  In order for a claim of actual innocence to toll the one year, the petitioner must "show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Id*.

Petitioner Schoffner cannot make such showing.  He claims that his cousin and co-defendant, Glen Schoffner, has exonerated him of all prior knowledge of, and participation in the robbery and murders.  **(Doc. 14-2, pp. 7-8 (affidavit of Glen Schoffner)).**  However, by petitioner's own admission, the prosecutor and petitioner's trial counsel were aware of the exculpatory statement prior to trial.  **(Doc. 1, pp. 12-13; Doc. 1-2, p. 3 (affidavit of Glen Schoffner, notarized Jan. 29, 1998)).**  Schoffner possessed all of the relevant facts in time to have filed a timely habeas petition.

**Recommendation**

It is clear that the habeas petition was filed in this Court well after the expiration of the one year limitation period set forth in 28 U.S.C. §2244(d) . For that reason, this Court recommends that respondent's motion to dismiss the petition for writ of habeas corpus as time-barred **(Doc. 10)** be **GRANTED**, and that the petition be dismissed with prejudice.

**DATE: June 20, 2007**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**

**Notice of Response Deadline**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **July 9, 2007**.