IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CLEODIOUS SCHOFFNER, JR.,**

Petitioner,

v.

**DON HULICK,**

Respondent.                                            No. 06-cv-0626DRH

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Pending before the Court is a Report and Recommendation ("the Report") submitted by Magistrate Judge Clifford J. Proud recommending that the Court dismiss with prejudice as untimely Schoffner's petition for writ of habeas corpus (Doc. 17). Schoffner filed objections to the Report (Doc. 18). Based on the following, the Court adopts the Report in its entirety.

On August 14, 2006, Cleodious Schoffner, Jr., an inmate within the Illinois Department of Corrections housed at Menard Correctional Center, filed a pro se petition for writ of habeas corpus pursuant to **28 U.S.C. § 2254** (Doc. 1). Schoffner's petition alleges: (1) ineffective assistance of trial counsel; (2) trial court erred when it refused to grant a change of venue; (3) the prosecutor erred in delivering his opening statement; (4) he was not proven guilty beyond a reasonable doubt; (5) ineffective assistance of appellate counsel; (6) his sentence violated

***Apprendi***; (7) the theory of accountability was not charged, but that the jury was instructed and he was convicted under the theory of accountability; (8) trial court erred when it imposed a sentence of natural life imprisonment; (9) the statute on first degree murder under the theory of accountability is unconstitutional; and (10) his first 2-1401 collateral attack was not untimely.  On November 17, 2006, Respondent filed a motion to dismiss arguing that Schoffner's petition for writ of habeas corpus is untimely (Doc. 10).  Schoffner filed a reply to the motion to dismiss on December 12, 2006 (Doc. 14) and a minor correction on January 26, 2007 (Doc. 15).  On June 20, 2007, Magistrate Judge Proud entered a Report pursuant to **28 U.S.C. § 636(b)(1)(B)** (Doc. 17).  The Report recommends that the Court grant Respondent's motion to dismiss and dismiss with prejudice Schoffner's petition for writ of habeas corpus as time-barred.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the Report.  To date, Schoffner filed objections to the Report (Doc. 18).  Since timely objections have been filed, this Court must undertake *de novo* review of the Report.  **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b); Govas v. Chalmers, 965 F.2d 298, 301 (7th Cir. 1992)**.  The Court may "accept, reject or modify the recommended decision."  ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**.  In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those

issues to which specific objection has been made. ***Id.***

## II. Procedural History

On March 3, 1998, after being convicted by a jury, Schoffner was sentenced to natural-life imprisonment for two murders that occurred during the armed robbery of a convenience store committed by Schoffner and his cousin, Glen Schoffner. He was also convicted of armed robbery, aggravated battery with a firearm and aggravated kidnaping, for which he was sentenced to 10 years imprisonment, to run consecutive to the life sentence. On December 6, 1999, the Illinois Appellate Court, Fifth District, denied his appeal. Schoffner did not file a petition for leave to appeal with the Illinois Supreme Court.

On July 22, 1999, Schoffner filed a pro se post conviction petition pursuant to **725 ILCS 5/122-1**. On July 17, 2001, the circuit court dismissed the petition, finding that "most if not all of the issues raised" were "*res judicata* and/or waived," and the other issues were not meritorious. On April 23, 2004, the Illinois Appellate Court, Fifth District, affirmed the circuit court's dismissal. Thereafter on October 7, 2003, the Illinois Supreme Court denied Schoffner's petition for leave to appeal.

On June 30, 2004, Schoffner, again proceeding pro se, filed a second collateral attack upon a void judgment pursuant to **735 ILCS 5/2-1401**. Another (seeming identical) petition was filed on October 27, 2004. On March 1, 2005, the circuit court denied the collateral attacks finding that no new judicable issues were

presented and the petition was untimely. On January 26, 2006, the Illinois Appellate Court, Fifth District, affirmed the circuit court holding that the petition was out of time and that Schoffner's arguments had no merit. On May 24, 2006, the Illinois Supreme Court denied Schoffner's petition for leave to appeal.

On September 20, 2004, Schoffner filed a petition for writ of habeas corpus pursuant to § 2254 in this judicial district, **Schoffner v. Hinsley**, **04-cv-0673-MJR** (Doc. 1). On November 5, 2004, District Judge Michael J. Reagan dismissed without prejudice Schoffner's petition because Schoffner acknowledged in his petition that he had not exhausted all of his issues through the state court process. *Id.* **(Doc. 4)**.

On October 26, 2005, Schoffner filed another petition for relief from judgment pursuant to **735 ILCS 5/2-1401**. It appears from the record that this collateral attack is still pending.

### III. Analysis

With regard to the Report and petition at issue here, th Court determines that Magistrate Judge Proud made a correct analysis and that Schoffner's objections only demonstrate a misunderstanding of the law. The Court finds Schoffner's petition untimely. As 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion

        of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

However, under **§ 2244(d)(2)**, the period during which a "properly filed" post conviction or collateral proceeding was pending must be excluded. ***See also Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000)(the statute of limitations may be tolled during the time that "a properly filed application for State post-conviction ... is pending.")**. To be properly filed, an application for collateral review must satisfy the state's timeliness requirements. ***Pace v. Di Guglielino*, 544 U.S. 408, 417 (2005);** *see also* ***Brooks v. Walls*, 301 F.3d 839, 841 (7th Cir. 2002)("Both aspects of a dual-ground decision (substance and**

procedure) must be respected, so that an untimely petition is not 'properly filed' even if the court also addresses the merits.").

Here, Schoffner does not allege a State impediment to filing, a newly recognized and retroactive constitutional right, or a subsequent discovery of the factual predicate of a claim. **See 28 U.S.C. § 2244(d)(1)(B)-(D)**. Therefore, the date on which his conviction became final, December 27, 1999, is the only applicable start date. **See 28 U.S.C. § 2244(d)(1)(A)**. On December 6, 1999, the Illinois Appellate Court, Fifth District, denied Schoffner's direct appeal finding that petitioner forfeited his claim that the trial court denied him a fair trial when it allowed the state to use witness Cynthia Gales' prior inconsistent statements as substantive evidence and for impeachment and declining to reverse for plain error. **See Rule 23 Order in *People v. Schoffner*, No. 5-98-0120 (Ill. App. Ct. 5th Dist. Dec. 6, 1999)**. Schoffner did not file a petition for leave to appeal in the Illinois Supreme Court. Thus, under Illinois law, Schoffner's conviction became final on December 27, 1999 – 21 days after the appellate court denied his direct appeal. **Ill. S.Ct. Rule 315(b); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2000)(holding that the statute of limitations begins to run when direct appeal of the conviction in the state court is concluded)**. Thus, the "start" date is December 27, 1999.

However, as stated earlier, the period during which a properly filed post conviction or collateral proceeding was pending must be excluded. According to the

record, Schoffner filed three state post conviction proceedings. On July 22, 1999, Schoffner filed the first post conviction petition.[1] The parties agree that this petition tolled the statute of limitations until October 7, 2003 when the Illinois Supreme Court denied Schoffner's petition for leave to appeal as to that petition. Thus, the "start" date was tolled until October 7, 2003.

On June 30, 2004, Schoffner filed his second post conviction petition. By the Court's calculation 267 days passed from October 7, 2003 and June 30, 2004 and must be credited to the one-year limitations period. A review of the record demonstrates that the June 30, 2004 petition was not "properly filed" because it was untimely under Illinois procedures and the issues were found to have no merit. The Illinois Appellate Court noted that under Illinois law any petition must be filed within two years after entry of the challenged judgment and this second petition was filed more than six years *after* his conviction. Therefore, another 483 days must be added to the already 267 days credited against the one-year limitations period.

On October 26, 2005, Schoffner filed his third and current post conviction petition. From June 30, 2004 until October 26, 2005, the statute of limitations was running. Obviously, more than 365 days passed before Schoffner filed this lawsuit on August 14, 2006.

For these reasons, Schoffner's petition is untimely. His objections present no reason for the Court to find otherwise. Based on a de novo review of the

---

[1] This post conviction petition was filed while Schoffner's direct appeal was pending.

Report and Schoffner's objections, the Court **ADOPTS** the Report in its entirety.

### III. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 17); **GRANTS** Respondent's motion to dismiss the petition as time-barred (Doc. 10) and **DISMISSES with prejudice** Schoffner's petition for writ of habeas corpus pursuant to **28 U.S.C. § 2254** as time-barred. Further, the Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 9th day of August, 2007.

/s/    David   RHerndon
**United States District Judge**